**In the Matter of INTERNATIONAL OIL COMPANY, International Oil, N.V., Orocual Petroleum Exploration Company, Hemisphere Oil Company, Bankrupts.**

Nos. 788–795, 798, Dockets 34742–5, 34783–6, 34793.

United States Court of Appeals, Second Circuit.

Argued April 16, 1970.

Decided April 17, 1970.

Alex L. Rosen, New York City, for Grace Petroleum Corp., appellant.

Levin & Weintraub, New York City, (Michael J. Crames, New York City, of counsel), for Official Creditors' Committee and Lawrence Klein, cross-appellants.

Before WATERMAN and FRIENDLY, Circuit Judges, and ZAMPANO, District Judge.*

---

7. Rule 33, Federal Rules of Criminal Procedure.

8. *Id.*

* Of the District of Connecticut, sitting by designation.

PER CURIAM:

The parties have requested expedited hearing and decision of this appeal and cross-appeal from an order of Judge Mansfield, dated March 19, 1970, in the District Court for the Southern District of New York, concerning the trusteeship of four bankrupt corporations. Accordingly we shall state the facts and our conclusions in rather summary form.

In November, 1969, International Oil Company and three wholly-owned subsidiaries—International Oil, N.V.; Orocual Petroleum Exploration Company; and Hemisphere Oil Company—filed petitions for arrangements under Ch. XI of the Bankruptcy Act. At the first meeting of creditors on December 1, 1969, the Creditors' Committee voted for Lawrence Klein as "tentative trustee" of all four corporations and Referee Loewenthal appointed him as such. The arrangements failed, and the corporations were adjudged bankrupts on February 2, 1970. Section 378(a) (2) of the Bankruptcy Act directs that in such event "the trustee nominated by creditors under this chapter shall be appointed by the court, or, if not so nominated or if the trustee so nominated fails to qualify within five days after notice to him of the entry of such order, a trustee shall be appointed by the court." Upon petition of Grace Petroleum Corporation, a substantial creditor of International Oil, N.V., and after a hearing, the referee entered an order disqualifying Klein as trustee, determining that there should be a separate trustee for each corporation, and appointing four different individuals as such.

Klein and the Creditors' Committee petitioned the District Court to restrain the enforcement of this order. After hearing argument that court approved the decision to have separate trustees but reversed the disqualification of Klein and the appointments made by the referee and directed the holding of creditors' meetings of each of the corporations to vote for trustees, with Klein to be entitled to be chosen as one. Grace has appealed from so much of the order as reversed the disqualification of Klein and the appointments of the four trustees. Klein and the Creditors' Committee have cross-appealed from so much of the order as prevented him from being trustee of all four bankrupts.

■ The district court was fully justified in setting aside the disqualification of Klein. Some of the grounds for the Referee's action were too trivial to warrant disregard of the creditors' choice even if the facts were established; the evidence with respect to others was insubstantial. The only point having real importance was a contention that Klein had acted as attorney for a creditor, Hidalgo Oil Company, which had obtained a pre-judgment order of attachment prior to his nomination. However, that company's proof of claim characterizes the debt to it as unsecured, Klein testified that this was the fact and there seems to be no ground for doubting this.

■ On the other hand we perceive no sufficient basis in the meagre record for four separate trusteeships at this time. All that appears by way of justification is that the schedules of Orocual Petroleum Exploration Co. show claims against Hemisphere Oil Co. and International Oil, N.V., in the respective amounts of $350,000 and $681,000; that other schedules show all four bankrupts had granted a general lien to Texaco, Inc.; and that Orocual guaranteed a $1.5 million indebtedness of N.V. to Corporation Venezolana de Petroleo. Despite what we said in In re National Public Service Corp., 68 F.2d 859 (2 Cir. 1934), we do not think such a showing is sufficient to saddle these estates with the expense of separate trustees and trustees' attorneys at the present time.

The order is modified to direct that the referee shall appoint Klein as trustee of the four bankrupts and, as so modified, is affirmed, with costs to cross-appellants. The mandate shall issue forthwith.