**In re MULBERRY PHOSPHATES, INC. f/k/a Royster Company, et al., Debtors.**

**Bankruptcy Nos. 91–7012–8P1 to 91–7014–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 1, 1992.

William Rochelle, New York City, John K. Olson, Tampa, Fla., for debtors.

Mark D. Silverschotz, New York City, for creditors committee.

### ORDER ON SECOND APPLICATION OF FULBRIGHT & JAWORSKI FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AND OBJECTION TO SAME BY SUPERFOS A/S AND SUPERFOS INVESTMENTS LIMITED

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties of interest, upon the Second Application of Fulbright & Jaworski (Law Firm), counsel of record for Mulberry Phosphates, Inc., f/k/a Royster Company, et al., (Debtors), for Compensation and for Reimbursement of Expenses. The Law Firm seeks an interim allowance of fees in the amount of $730,468.50 for services rendered to the Debtors and reimbursement of expenses in the amount of $112,279.54 covering the time period of August 1, 1991 through November 30, 1991.

The Application of the Law Firm is challenged by Superfos A/S and Superfos Investments Limited (Superfos), which alleges that the Law Firm should be disqualified from serving as counsel for the Debtors; that the Law Firm's representation of the Debtors should be terminated; that the Law Firm's representation of insiders and affiliates of the Debtors should be terminated; and that the Law Firm should be required to disgorge all compensation, reimbursements and retainers it received in connection with these Chapter 11 cases.

In support of its claims, Superfos contends that the Law Firm was not and is not

a "disinterested person" as required by § 327 of the Bankruptcy Code and in fact, according to Superfos, represents interests adverse to the creditors of the estate. The central thrust of the proposition advanced by Superfos is based on the fact that in addition to representing the Debtors, the Law Firm also represented, and is still representing, Erol Beker and Franz Beker, principals of the Debtors and Royster Phosphates, Inc. (RPI), a wholly-owned subsidiary of Mulberry Phosphates, Inc., (Mulberry). It is also contended by Superfos that the Law Firm also represents Wingate Creek Acquisition Corp. (Wingate), Gulf Atlantic Corporation (GAC), Nu–Gulf Industries (Nu–Gulf), and Tectrade International Ltd. (Tectrade), and all of these entities potentially have an interest adverse to the interests of the general estates of the Debtors.

The relationship between these parties was fully treated by this Court on a previous Motion filed by Superfos seeking the appointment of a Trustee or, in the alternative, an Examiner. It is sufficient to state for the purpose of the matters under consideration that several of these entities, as noted earlier, have claims against or at least asserted interests adverse to the interests of the Debtors. Superfos also contends that Mulberry possibly may have fraudulent conveyance claims against one or more of these entities arising out of its "advance" of $3 million to RPI. It should be noted that at the time Superfos filed its Objection, RPI was not a debtor under the protection of the Bankruptcy Court, but since has filed its own Chapter 11 Petition in this Court.

In a nutshell, Superfos alleges that because the Law Firm represents all these entities who have conflicting interests, it will be in the impossible position of representing the Debtors and at the same time dealing with these reorganization cases in the objective and detached manner required by an attorney representing a debtor in a Chapter 11 case. Superfos also alleges that the Law Firm never fully disclosed its relationship with these entities on its verified statement filed pursuant to F.R.B.P. 2014 accompanying the Debtors' application to employ the Law Firm.

In opposition, the Law Firm contends that it could not disclose its connections with RPI, Nu–Gulf, Wingate, GAC, Beker and Tectrade because the Law Firm was retained by these parties post-petition and that it disclosed its affiliations with these parties when it filed its first and second fee applications. Further, the Law Firm contends that its representation of Beker and Tectrade is limited to representation solely in connection with a dispute with Sameer Y. Zahr over ownership of Wingate stock.

■ Section 327(a) of the Bankruptcy Code provides that a debtor may employ attorneys "that do not hold or represent an interest adverse to the estate and that are disinterested persons ..." F.R.B.P. 2014 provides that the attorneys to be employed by the debtor must file a verified statement setting forth their connections with the debtor.

■ It is well established that before counsel may be disqualified, the record must support the finding that a conflict exists sufficient to prohibit the attorney's representation of the debtor. Depending upon the facts of the case, a potential conflict alone may be insufficient to warrant disqualification. *In re Vanderbilt Associates, Ltd.*, 117 B.R. 678 (D.Utah 1990); *In re OPM Leasing Services, Inc.*, 16 B.R. 932 (Bankr.S.D.N.Y.1982). Further, the mere existence of inter-company claims between several entities may be insufficient alone to warrant disqualification. *In re International Oil Co.*, 427 F.2d 186 (2nd Cir.1970); § 327(c). In fact, it is quite common for a single law firm to represent a parent company and all its subsidiaries either when they are all debtors or when only the parent is a debtor. There is no question that the Court has discretion in determining whether to deny fees to counsel. *In re Ochoa*, 74 B.R. 191 (Bankr.N.D.N.Y.1987). Considering all relevant factors of this case, this Court is satisfied that the Objection must be overruled for the following reasons.

First, it is interesting to note that the Official Creditors' Committee and the Bank Group, the major players in these significant Chapter 11 cases, strongly oppose Su-

perfos' Objection. The U.S. Trustee has objected to certain aspects of the Fee Application submitted by the Law Firm but does not seek disgorgement of fees or disqualification of the Law Firm.

The positions of these groups is important and persuasive and weighs heavily in favor of denying Superfos' request to disqualify the Law Firm at this late stage of these Chapter 11 cases. There is hardly any question that the removal of the Law Firm at this time would not only impede the progress of these Chapter 11 cases, but also would generate additional administrative expenses and certainly delay confirmation of the Debtors' plan as a new law firm came "up to speed." There is no question that the Law Firm is intimately familiar with the affairs of the Debtors and disqualifying them at this point would severely prejudice not only the Debtors but also the creditors involved in these Chapter 11 cases. This record lacks persuasive proof that the Law Firm should be removed or should disgorge all payments received and forfeit all rights to future allowances. Based on the foregoing, this Court is satisfied that the Objections filed by Superfos are without merit.

This leaves for consideration the determination of a reasonable fee for services rendered and reasonable costs incurred. Upon consideration of the Application, together with the record, this Court finds that a reasonable fee for services rendered during the applicable time period is $675,-000.00 and reasonable costs incurred are $18,294.38. In allowing the foregoing fees and costs, this Court has considered 11 U.S.C. § 330, and each of the factors that govern the reasonableness of fees as set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), which was made applicable to bankruptcy cases in *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). Findings of fact regarding these awards have been omitted in the interest of brevity, but will be prepared and filed at the request of any party in interest, if received by this Court within ten (10) days after the date of the entry of this Order. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application is hereby approved, the Objection is overruled, and a reasonable fee for services rendered during the applicable time period by the Law Firm is hereby determined to be $675,000.00 and reasonable expenses incurred during the relevant time period are hereby determined to be $18,294.38. Therefore, the Law Firm is entitled to an administrative expense in the amount of $63,294.38. It is further

ORDERED, ADJUDGED AND DECREED that this Court will prepare findings of fact regarding the award of fees and costs upon the request of a party in interest, provided such request is filed within ten (10) days of the date of the entry of this Order.

DONE AND ORDERED.